In Re: Condemnation by Redevelopment Authority of the County of Jefferson for Redevelopment Purposes of Lands of Olie Amundson's Estate; William Smathers and Byrtha Smathers, His Wife.

W. William Smathers and Byrtha (Bertha) Smathers, Husband and Wife, and Bertha A. (Amundson) Smathers, Executrix Under the Last Will and Testament of Olie C. Amundson, Deceased, and Devisee Under His Last Will and Testament, Appellants.

Submitted on briefs, May 5, 1978, to Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Jesse P. Long,* for appellants.

*Robert M. Hanak,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 26, 1978:

Appellants are owners of real property which was included in a declaration of taking filed by the Redevelopment Authority of the County of Jefferson (Redevelopment Authority). Appellants filed preliminary objections to the declaration of taking challenging various actions which were allegedly conditions precedent to the Redevelopment Authority's exercise of its powers of eminent domain. By letter to the Court Administrator of Pennsylvania, the president judge (and sole judge) of the relevant judicial district then requested, *sua sponte,* that the Chief Justice of Pennsylvania assign another judge to try the case and, by another letter to the Court Administrator of Pennsylvania a few days later, the president judge explained that he had made his decision because "I was formerly the Solicitor for the Borough of Punxsutawney [where the real property in question is located] and active in redevelopment affairs. I consider myself too close to the parties to hear a case in which the principal issue is the lawfulness of the existence of the Redevelopment Authority."

The Chief Justice of Pennsylvania then assigned the president judge from an adjacent judicial district

to preside over the case. Appellants filed a motion to disqualify the assigned judge, alleging that the judge who had disqualified himself could not legally do so, was still under a duty to hear the case, and therefore the assignment was unauthorized by law. The assigned judge overruled the motion after a hearing at which the judge who disqualified himself declined to testify. This appeal followed.

The question of whether a judge acted properly in deciding whether or not to disqualify himself or herself arises more frequently when such judge decides against disqualification. Here, the judge decided, *sua sponte,* in favor of disqualification. We find no error in his decision or in the subsequent decision of the assigned judge to overrule the motion for his disqualification.[1] As our Supreme Court stated in *Commonwealth v. Perry,* 468 Pa. 515, 524, 364 A.2d 312, 317 (1976), "this case is controlled by the general principle that the trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can reasonably be questioned." We cannot agree that the decisions in this case were in any way contrary either to our statutory provisions regarding the convening of special courts[2] or to the canons of the Code of Judicial Conduct, both of which grant broad discretion to a judge in deciding whether or not to disqualify himself or herself.

---

[1] [T]he Court hereby overrules the motion for the following reasons:

    1. The motion should be made before the Supreme Court of Pennsylvania from whence the assignment originated.

    2. The aforesaid Act is not all inclusive and sets when Judges shall disqualify themselves but does not include or embrace *all* the reasons for disqualification.

[2] *See* Section 37 of the Act of April 14, 1834, P.L. 333, *as amended,* 17 P.S. §581.

Accordingly, we will enter the following

ORDER

Now, May 26, 1978, the order of the Court of Common Pleas of Jefferson County, at No. 169 M.D. 1977, dated August 15, 1977, is hereby affirmed.