In Re: Appeal of John Kuruce, Police Officer, Borough of McKees Rocks. John Kuruce, Appellant.

Argued May 1, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

158

*Louise Porac,* for appellant.

*Samuel J. Pasquarelli,* for appellee.

OPINION BY JUDGE DISALLE, June 20, 1978:

This case involves an appeal from an order of the Court of Common Pleas of Allegheny County dated June 30, 1977. The order dismissed the appeal filed by John Kuruce (Kuruce) from a decision of the Civil Service Commission of the Borough of McKees Rocks (Commission) sustaining the dismissal of Kuruce from the Borough's police department.

On October 12, 1976, Kuruce was formerly charged by the Chief of Police with conduct unbecoming an officer and was discharged from the police force by the Borough Council. The action stemmed from a single incident which occurred on October 5, 1976, while Kuruce was handling a prisoner in the Borough police station. Specifically, it was charged that Kuruce struck and pushed the handcuffed prisoner, causing him to fall and strike his head on the floor, and that, while the prisoner was prone on the floor, face down, and still handcuffed, Kuruce kicked him about the face and head. This resulted in a fractured skull and a concussion requiring in-patient hospitalization.

A hearing on the charge was conducted by the Commission on December 15, 1976. During the hearing, the testimony of Kuruce and several eye witnesses to the incident was adduced. In a decision dated January 27, 1977, the Commission found Kuruce to be guilty of conduct unbecoming an officer and affirmed his dismissal from the Borough's police force.[1] Kuruce thereafter filed an appeal to the Court of Common Pleas of Allegheny County,[2] contending only that the charges against him were false. The parties agreed that the court could decide the case on the original record, as supplemented by briefs. Pursuant to this

---

[1] The Commission's entire adjudication reads as follows:

The Civil Service Commission of the Borough of McKees Rocks, Pennsylvania has met and considered the appeal of John Kuruce from the decision of the McKees Rocks Borough Council of October 12, 1976 to dismiss the said John Kuruce from his position as an officer of the McKees Rocks Police Department for conduct unbecoming an officer. This charge stems from an incident at the McKees Rocks Police Station on October 5, 1976.

After a hearing, at which the appellant was represented by counsel, and consideration of the record, the commission finds that:

1. John Kuruce is guilty of conduct unbecoming an officer of the McKees Rocks Police Department.
2. The decision of the McKees Rocks Borough Council to dismiss the said John Kuruce is affirmed.

Appellant has sixty (60) days from the effective date of this decision to appeal to the Court of Common Pleas of Allegheny County, Pennsylvania for review of the findings of this commission.

[2] We note that Kuruce's Petition for Leave to Appeal to the Court of Common Pleas was filed pursuant to Section 7 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11307. It should have been filed pursuant to Section 1191 of The Borough Code, Act of February 1, 1966, P.L. 1656 (1965), *as amended*, 53 P.S. §46191. This procedural irregularity is not discussed by the court below. We do not view this case, however, as being determined by the Act which properly should control the appeal at issue.

agreement, no evidence was introduced by Kuruce. His brief did raise an issue, however, which was not set forth in his original Petition for Leave to Appeal. This went to the Commission's failure to make specific findings of fact and conclusions of law. After consideration of the record and the issues raised, the lower court dismissed Kuruce's appeal. He then filed the instant appeal.

Kuruce argues before this Court that the lower court erred in failing to remand the case to the Commission for specific findings of fact and conclusions of law. He contends that without findings of fact on all material questions, the lower court could not provide a proper review. He further argues that to allow the lower court's decision to stand under the circumstances denies him due process of law. We do not agree. While the Commission should have provided comprehensive findings on all questions of fact, we are of the view that a remand for this purpose is not warranted under the circumstances.

Prior to any legal proceeding, Kuruce was notified in writing of the single incident from which the charges arose. At all stages of the proceedings, Kuruce was represented by counsel. Furthermore, Kuruce could have remedied any alleged inadequacy in the Commission's adjudication by proceeding before the lower court de novo.[3] It was his decision not to proceed in this manner. Finally, Kuruce's appeal petition indicated that he was well aware of the specific question of fact which the Commission had decided. Upon consideration of all these factors, we are of the view that he suffered no prejudice as a result of the Commission's failure to set forth findings of fact.

---

[3] Section 1191 of The Borough Code, 53 P.S. §46191, provides for a de novo hearing on appeal from the decision of a Borough Civil Service Commission.

Though we do not approve of the Commission's procedure, we will not remand. *See Harjef's Corp. v. City of Philadelphia Tax Review Board,* 16 Pa. Commonwealth Ct. 63, 329 A.2d 325 (1974).

After careful consideration of the record we conclude that there exists substantial evidence to support the Commission's determination. The Commission neither abused its discretion nor committed a clear error of law. We affirm.

ORDER

AND Now, this 20th day of June, 1978, the order of the Court of Common Pleas of Allegheny County dated June 30, 1977, at Civil Division Docket No. SA173 of 1977 is hereby affirmed.