In the Matter of: Appeal of Albert Merulli, an Individual. Albert Merulli, Appellant.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Stanford A. Segal, Gatz, Cohen, Segal and Koerner,* for appellant.

*Keith R. McMillen,* with him *Richard Urick,* for appellee.

OPINION BY JUDGE BLATT, December 7, 1982:

Albert Merulli (appellant) appeals here an order of the Court of Common Pleas of Beaver County which affirmed the Civil Service Commission of the Borough of Aliquippa (Commission) in its decision to reduce his rank from chief of police to patrolman based upon evidence of violations of Section 1190 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965), *as amended,* 53 P.S. §46190.[1]

The appellant first appealed to the court of common pleas and sought a de novo hearing there wherein he could introduce additional testimony which had not been received by the Commission. The trial court refused the request and decided the case on the record produced at the Commission hearings. The appellant

---

[1] Violations included neglect of official duties and conduct unbecoming an officer.

seeks review here alleging an error of law in the trial court's failure to grant the de novo hearing.

The appellant cites to Section 1191 of the Code, 53 P.S. §46191, which provides in pertinent part:

All parties concerned shall have [sic] immediate right of appeal to the court of common pleas of the county, and the case shall be determined as the court deems proper. . . . Upon such appeal being taken and docketed, *the court of common pleas shall fix a date for a hearing and shall proceed to hear* the appeal on the original record and *such additional proof or testimony as the parties concerned may desire to offer in evidence.* . . . (Emphasis added.)

This Section of the Code clearly gives the appellant the right to introduce additional evidence and to have the common pleas court consider such evidence before rendering a decision on appeal. In *Gabauer v. Civil Service Commission,* 6 Pa. Commonwealth Ct. 646, 297 A.2d 507 (1972), we stated that the employee there concerned had the right, pursuant to Section 1191 of the Code, to present whatever relevant and material testimony and evidence he so desired to the trial court, but that he had waived this right. Likewise, in *Kuruce Appeal,* 36 Pa. Commonwealth Ct. 157, 387 A.2d 677 (1978), we stated that the appellant there concerned had the right to remedy an error by the Commission by proceeding before the trial court de novo, citing Section 1191, but like the employee in *Gabauer,* he had not sought this remedy. Here, the appellant undoubtedly made his desire for the statutory hearing clear to the court and cannot be said to have waived his right thereto.

We will hold that the appellant had a right to a de novo hearing below and inasmuch as it was refused, we will remand this case to the court of common pleas for the taking of additional evidence.

**ORDER**

AND Now, this 7th day of December, 1982, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is hereby reversed and the case remanded so as to conduct further hearings in accordance with this opinion.