North Canton Enterprises of Pennsylvania, Inc., Appellant v. The Township of Ross et al., Appellees.

In Re: Appeal of North Canton Enterprises of Pennsylvania, Inc. etc. North Canton Enterprises of Pennsylvania, Inc. Appellant.

Argued March 2, 1983, before President Judge CRUMLISH, JR. and Judges MacPHAIL and BARBIERI, sitting as a panel of three.

*P. Andrew Diamond,* with him *J. Kerrington Lewis, Lewis and Stockey, P.C.,* for appellant.

*William W. Milnes, Brandt, Milnes, Rea & Wagner,* for appellee, Township of Ross.

*Lee A. Donaldson, Donaldson and Donaldson,* for appellee, North Hills School Ditsrict.

*John M. Silvestri,* for appellee, Board of Property Assessment, Appeals and Review of Allegheny County.

OPINION BY JUDGE MacPHAIL, May 26, 1983:

North Canton Enterprises of Pennsylvania, Inc. (Appellant) has appealed from two orders of the

Court of Common Pleas of Allegheny County. In the appeal docketed at No. 2534 C.D. 1981, Appellant challenges the trial court's disposition of its property tax assessment appeal for the 1979 tax year. The second appeal, docketed at No. 781 C.D. 1982, is from an order dismissing with prejudice a declaratory judgment petition filed by Appellant. The appeals have been consolidated for disposition by this Court.

Appellant is the owner of a nine building, multiunit apartment complex located in the Township of Ross. At issue here is Appellant's tax assessment appeal from the 1979 assessment of its property at $1,-354,500 by the Board of Property Assessment, Appeals and Review of Allegheny County (Board).[1] The assessed value was calculated using a common level ratio of 50%. Based on this tax assessment, the indicated fair market value of the subject property in 1979 was $2,709,000. Following a de novo hearing, the court of common pleas found a fair market value for the property of $4,500,000 which, of course, was in excess of that originally set by the Board. The Court also ruled that the 50% common level ratio should be applied to calculate assessed value. Appellant has appealed the trial court's order and, in particular, challenges the court's fair market value finding for 1979.

Subsequent to its appeal from the trial court's order, Appellant filed a declaratory judgment petition with the common pleas court seeking a declaration on the following issue: May a taxing authority which does not itself appeal from a property assessment, nevertheless receive payment of additional taxes based upon a court-ordered increase in fair market value when the taxpayer has already paid taxes in the lesser amount

---

[1] The appeal also involved the assessments for the 1980 and 1981 tax years. Appellant, however, has only challenged the ruling of the court of common pleas regarding the assessed value of its property for 1979.

originally claimed by the taxing authority? The Township of Ross and the School District of North Hills, named respondents below, filed preliminary objections to the petition which the court of common pleas sustained. Appellant perfected its second appeal to this Court from the order dismissing its declaratory judgment petition.

Turning first to the tax assessment appeal, Appellant contends that the court of common pleas was without authority to find a fair market value in excess of that set by the Board.[2] Appellant argues that where, as here, the taxing authorities fail to appeal a particular assessment,[3] the trial court is limited to either affirming the existing assessment or finding that the assessment is excessive and must be lowered.

We find our decision in *Valley Forge Golf Club, Inc. Tax Appeal,* 3 Pa. Commonwealth Ct. 644, 285 A.2d 213 (1971) to be controlling on this issue and, accordingly, reject Appellant's argument that *Valley Forge* should be overruled. In *Valley Forge* we concluded that where local taxing bodies have properly intervened in a tax assessment appeal, they are entitled to present evidence on their own behalf including that supportive of a higher assessment value. We further concluded that since it was the trial court's statutory duty to determine the *actual* market value of the subject property, it could fix an assessment amount higher than that appealed from where such a valuation was supported by competent, credible and relevant evidence.

---

[2] Appellant does not challenge the precise valuation found by the trial court, but rather challenges the court's power to set any fair market value in excess of that set by the Board. We, accordingly, will not review the validity of the actual fair market value found by the trial court.

[3] Taxing authorities are given the right to appeal tax assessments by Section 520 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-520.

In the instant case, the County of Allegheny intervened before the trial court, as it was empowered to do, *Allegheny County, Southern District, Tax Assessment Appeal,* 7 Pa. Commonwealth Ct. 291, 298 A.2d 643 (1972), *rev'd on other grounds sub nom. Borough of Greentree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974), and presented evidence on its own behalf. It then became the trial court's duty to determine "on the basis of the competent, credible, and relevant evidence *produced by all parties,* what the fair market value of the property involved is." *Deitch Co. v. Board of Property Assessments,* 417 Pa. 213, 224, 209 A.2d 397, 403 (1965) (emphasis added). Appellant has not contended that the trial court's finding of fair market value is unsupported by competent, credible and relevant evidence. We, accordingly, conclude that the court had the authority in determining fair market value to set a value higher than that which Appellant appealed from.

Appellant next contends that the trial court judge erred in failing to recuse himself when requested to do so by Appellant's counsel. Appellant contends that the trial judge was prejudiced against its counsel and that the judge heard statements prejudicial to Appellant's case during settlement discussions. As a general principle, a trial judge should recuse himself whenever he believes his impartiality may reasonably be questioned. *Smathers Appeal,* 35 Pa. Commonwealth Ct. 486, 386 A.2d 1080 (1978). If a judge, however, thinks he is capable of hearing a case fairly and without prejudice, his decision not to withdraw will ordinarily be upheld on appeal. *Commonwealth v. Darush,* 279 Pa. Superior Ct. 140, 420 A.2d 1071 (1980). The trial judge in the instant case decided, after extensive on record discussion with counsel, that he would be able to hear the case fairly and impartially. Our review of the record discloses no abuse of discretion on

the part of the trial judge and his decision to decline recusal, accordingly, will not be disturbed.

Turning now to the trial court's dismissal of Appellant's declaratory judgment petition, Appellant claims that it is entitled to declaratory relief regarding the issue of whether it may be found liable for taxes over and above the amount it has already paid for the 1979 tax year in light of the fact that the taxing authorities involved did not formally request an increased assessment for Appellant's property. Appellant contends that this issue is separate and distinct from that involved in the tax assessment appeal docketed at 2534 C.D. 1981. We think, however, that the issue raised by Appellant in its declaratory judgment petition is, in essence, another attempt to challenge the court of common pleas' authority to raise its tax assessment for 1979. As such, we think the issue could be raised in the tax assessment appeal to this Court and that the declaratory judgment petition is barred by Section 7541(c)(3) of the Declaratory Judgments Act (Act), 42 Pa. C. S. §7541(c)(3), which provides as follows:

*Exceptions.*—Relief shall not be available under this subchapter with respect to any:

. . . .

(3) Proceeding involving an appeal from an order of a tribunal.

While, as a general rule, the existence of an alternative remedy is not a ground for dismissal of a declaratory judgment petition, 42 Pa. C. S. §7537, where, as here, ancillary proceedings involving the same parties can be utilized to resolve the issues raised in a declaratory judgment petition we think Section 7541(c)(3) of the Act is applicable. *See Iannarone v. Springbrook Township,* 65 Pa. Commonwealth Ct. 42, 441 A.2d 810 (1982). We conclude that under Section 7541(c)(3) of

the Act, the court of common pleas properly dismissed the declaratory judgment petition.[4]

Orders affirmed.

### ORDER

The orders of the Court of Common Pleas of Allegheny County, No. GD 82-00890 and No. GD 80-24787, dated May 25, 1982 and September 22, 1981, respectively, are hereby affirmed.

---

[4] While the common pleas court order does not specifically sustain the preliminary objection raising a question of jurisdiction based on Section 7541(c)(3) of the Act, the adopted opinion of the court does fully discuss and rely upon Section 7541(c)(3) to support its dismissal of the declaratory judgment petition. Moreover, both parties have argued the applicability of Section 7541(c)(3) in their briefs filed with this Court. We, accordingly, conclude that the issue is properly before us. Since we affirm the court of common pleas on the basis of Section 7541(c)(3) we need not discuss the other legal principles which were also relied upon by the court in support of its dismissal order.