**Dennis C. CHRISTMAN and Susan L. Christman, Appellants**

v.

**ZONING HEARING BOARD OF THE TOWNSHIP OF WINDSOR.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 2004.

Decided July 15, 2004.

Joseph L. Haines, Reading, for appellants.

Scott L. Huyett, Reading, and Daryl F. Moyer, Hamburg, for appellees.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Dennis C. Christman and Susan L. Christman (Landowners) challenged inclusion of their property in a new agriculture preservation zone. The Windsor Township Zoning Hearing Board (ZHB) rejected the challenge, and the Court of Common Pleas of Berks County (trial court) affirmed. The main issue now concerns the refusal of two ZHB members to recuse themselves. Landowners also argue the boundaries of the new zone constitute

"spot zoning" and the ZHB's decision was against the weight of the evidence. We affirm.

The Windsor Township Board of Supervisors began to amend the township's zoning ordinance and zoning map. Among other changes, a new "agricultural preservation" zoning district was proposed. In designating the new district an effort was made to include only functioning farms. At a public meeting, residents, including farmers affected by the amendments, were invited to comment.

Although Landowner Husband attended the meeting, he expressed no preference concerning the future zoning of his property. He later testified that, having arrived late to the meeting, he was uncertain about the procedure, and he assumed a later opportunity to make a request would be provided.

Following the receipt of all public comment, the Supervisors adjourned. They immediately reconvened and enacted the proposed amendments, including the amendment creating the new zone. Noting comments by two unidentified farmers, they directed the solicitor to "redraw the boundary lines for the [new zone]." The record contains no further specification of the redrawing. Board of Supervisors' Minutes of May 26, 1999, Appellant Exhibit 1 attached to Transcript of ZHB Hearing of September 23, 1999, at 2.

Several days later, by letter, Landowners requested the Supervisors exclude their entire property from the new zone. Later that month, the Supervisor's adopted an ordinance amending the Windsor Township Zoning Map to locate the new zone. A large portion of Landowners' property was included in the new zone.[1]

Landowners appealed the ordinance amending the zoning map to the ZHB. They asserted the inclusion of their property in the new zone was discriminatory because their request for exclusion was disregarded while other individuals' preferences were accommodated.

At the beginning of the ZHB hearing, Landowners requested two ZHB members recuse themselves. They asserted recusal was necessary because the two members were farmers with land in the new zone. They also vaguely claimed the two members participated as private landowners in the preliminary stages of creating the new zone. The two members indicated they could proceed in the case in an unbiased manner, and they declined to recuse themselves.

The only testimony presented before the ZHB was that of Landowner Husband. Although providing general allegations regarding discrimination, he was unable to identify any property excluded solely at its owner's request. The Supervisors were not called to testify, although the Minutes of their public comment and adoption meetings were received. Finding no credible evidence of discrimination, the ZHB denied Landowners' appeal.

Landowners appealed to the trial court. Without taking additional evidence, the trial court affirmed.[2]

---

1. The majority of Landowners' property is primarily used for agriculture, while the remainder is used to operate a recreational facility around a lake. While the agricultural portion was included in the AP district, the recreation facility was excluded.

2. Where, as here, no additional evidence was presented after the ZHB's decision, our review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. *Northampton Area Sch. Dist. v. E. Allen Township Bd. of Supervisors*, 824 A.2d 372 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 575 Pa.689, 834 A.2d 1144 (2003).

On appeal to this Court, Landowners present three arguments. First, they assert the ZHB members erred by not recusing themselves. Second, they challenge the revised zoning map, contending it was so arbitrarily and irrationally drawn that it constitutes discriminatory spot zoning. Third, they assert the ZHB erred by not giving appropriate weight to Landowner Husband's testimony.

## I.

■ Landowners first argue the ZHB members erred by not recusing themselves because their ownership of property affected by the amendment created an appearance of impropriety. In *Schlesinger Appeal,* 404 Pa. 584, 172 A.2d 835 (1961), our Supreme Court eloquently described the importance of an impartial tribunal as follows:

A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.... This Court has said ... that 'every procedure which would offer a possible temptation to the average man as a judge ... not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law.'

*Schlesinger Appeal,* 404 Pa. at 597–598, 172 A.2d at 840–841 (quoting *In Re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)).

■ As a general rule, a municipal officer should disqualify herself from any proceeding in which she has an immediate or direct personal or pecuniary interest. *Amerikohl Min. Inc. v. Zoning Hearing*

*Bd. of Wharton Township,* 142 Pa.Cmwlth. 249, 597 A.2d 219 (1991). This Court recently reiterated the standards used to analyze a claim of bias:

The Court recognizes that due process requires a local governing body in the performance of its quasi-judicial functions to avoid even the appearance of bias or impropriety. A showing of actual bias is unnecessary in order to assert a cognizable due process claim; the mere potential for bias or the appearance of non-objectivity may be sufficient to constitute a violation of that right.

*Kuszyk v. Zoning Hearing Bd. of Amity Township,* 834 A.2d 661, 665 (Pa.Cmwlth. 2003).

■ Importantly, "[w]hile an appearance of non-objectivity is sufficient to trigger judicial scrutiny, the significant remedy of invalidation often depends on something more tangible." *Caln Nether Co., L.P. v. Bd. of Supervisors,* 840 A.2d 484, 496 (Pa.Cmwlth.2004). "Before it can be said that a judge [or ZHB member] should have recused himself the record must demonstrate bias, prejudice, capricious disbelief or prejudgment.... If a judge [or ZHB member] thinks he is capable of hearing a case fairly his decision not to withdraw will ordinarily be upheld on appeal." *Appeal of Miller & Son Paving, Inc.,* 161 Pa.Cmwlth. 138, 636 A.2d 274, 278 (1993) (quoting *In re Blystone,* 144 Pa.Cmwlth. 27, 600 A.2d 672, 674 (1991)).

■ Generally, recusal is warranted where a member of the tribunal participates as an advocate or witness, publicly expresses predisposition, or has a fiduciary relationship with a party in interest. *E.g. Prin v. Council of the Municipality of Monroeville,* 165 Pa.Cmwlth. 519, 645 A.2d 450 (1994)(council member who publicly expressed predisposition against project

through letters on council letterhead required to recuse); *Thornbury Township Bd. of Supervisors v. W.D.D., Inc.,* 119 Pa.Cmwlth. 74, 546 A.2d 744 (1988) (board member disqualified after taking advocacy role before the board as private citizen in opposition to subdivision plan); *McVay v. Zoning Hearing Bd. of New Bethlehem Borough,* 91 Pa.Cmwlth. 287, 496 A.2d 1328 (1985) (recusal required where a majority of board members, before appointment, signed and filed petitions in opposition to the zoning ordinance at issue); *Borough of Youngsville,* 69 Pa.Cmwlth. 282, 450 A.2d 1086 (1982) (board member disqualified because he had been employed by the applicant and testified on the applicant's behalf).

■ However, a tangential relationship between a tribunal member and the litigation, without evidence of bias, prejudice, capricious disbelief or prejudgment, is insufficient to warrant recusal. *E.g. Caln Nether Co., L.P.,* 840 A.2d at 496 (supervisor owning property near proposed project was not required to recuse despite membership in civic organization granted party status opposing project); *Kuszyk,* 834 A.2d at 665 (marital relationship between board member and supervisor insufficient to require recusal absent allegation of bias or improper influence); *Amerikohl Min. Inc.* 597 A.2d at 223 (board members not disqualified where member and another member's in-laws resided close to proposed project); *Danwell Corp. v. Zoning Hearing Bd.,* 115 Pa.Cmwlth. 174, 540 A.2d 588 (1988)(recusal not necessary when board member was political opponent of objector and issue before the board was a campaign issue).

Following Landowners' call for recusal, the disputed ZHB members were questioned. They stated on the record that they could listen to the evidence presented and decide the issue in an unbiased manner applying the law as instructed by the solicitor. ZHB Hearing Transcript at 8. Landowners reference no specific evidence of bias, prejudice, capricious disbelief, or prejudgment.

Moreover, Landowners do not challenge the amendment of the ordinance to create the new zone. Rather, their challenge is expressly limited to the inclusion of their individual property in the new zone. There is no suggestion that either disputed ZHB member has any interest, bias or prejudice on the specific issue they were called upon to decide. Accordingly, invalidation of the Board's action is unwarranted.

## II.

■ Next, Landowners argue they are the victims of discrimination because other property owners opted out of the new zone, while they were not allowed to do so. In support, they cite *De Blasiis v. Bartell,* 143 Pa.Super. 485, 18 A.2d 478 (1953), where the Superior Court stated:

And this is in harmony with the general rule that the ordinance adopted under a zoning law must not be unreasonably discriminatory. While the City Council has broad powers in this respect, *it has no right or authority to place restrictions on one person's property and arbitrarily and by mere favor remove such restrictions from another's property, there being no reasonable ground or basis for the discrimination.*

*De Blasiis,* 18 A.2d at 484 (emphasis added). Essentially, Landowners argue that accommodating some property owners and not others constitutes impermissible spot zoning.

■ Spot zoning is an "unreasonable or arbitrary classification of a small parcel of land, dissected or set apart from surrounding properties, with no reasonable

basis for the differential zoning." *Cavanaugh v. Fayette County Zoning Hearing Bd.,* 700 A.2d 1353, 1357 (Pa.Cmwlth.1997). "When faced with a spot zoning challenge, a reviewing court must presume the zoning ordinance is valid and constitutional; the burden of proving otherwise is on the challenging party, who must show that the provisions are arbitrary and unreasonable, and have no relation to the public health, safety, morals, and general welfare." *Hines Nurseries, Inc. v. Plumstead Twp. Bd. of Supervisors,* 845 A.2d 918, 927 (Pa. Cmwlth.2004). "Spot zoning must be clearly established; if the validity of the rezoning ordinance is debatable, it must be permitted to stand." *Fisher v. Cranberry Twp. Zoning Hearing Bd.,* 819 A.2d 181, 185 (Pa.Cmwlth.2003). The most determinative factor in an analysis of a spot zoning question is whether the parcel in question is being treated unjustifiably different from similar surrounding land, thus creating an "island" having no relevant differences from its neighbors. *Mulac Appeal,* 418 Pa. 207, 210 A.2d 275 (1965).

Although the ZHB acknowledged that property owners were permitted the opportunity to express preferences regarding the future zoning of their land, it specifically determined:

> There is no evidence in the record indicating that if the properties were removed from the area covered by the AP Zoning District they were removed simply because their owners requested they be removed. In fact there is no evidence of motive of the Board of Supervisors for the adoption of the Zoning Map as constituted in the record.

ZHB Op. at 13–14.

It was Landowners' burden to establish the zoning map amendment was arbitrary and unreasonable. *Hines Nurseries.* As discussed hereafter, the ZHB was unpersuaded by Landowner's vague proof on the issue, and it found Landowners offered no credible evidence that the Ordinance was arbitrary and unreasonable. As the ZHB concluded Landowners failed to meet their burden based on credibility findings, no error is evident. *See Chrin Bros., Inc. v. Williams Township Zoning Hearing Bd.,* 815 A.2d 1179 (Pa.Cmwlth.2003)(where the trial court declines to take additional evidence the zoning hearing board is the factfinder).

### III.

■ Finally, Landowners' argue the ZHB erred by not giving appropriate weight to Landowner Husband's testimony. He made general comments regarding the discrimination. The ZHB rejected his testimony as not credible, specifically referencing his inability to locate property supposedly excluded from the new zone at its owner's request.

■ "It is well settled that the ZHB, as the fact finder in this matter, may reject even uncontradicted testimony if it determines that it is lacking in credibility." *Heritage Bldg. Group, Inc. v. Plumstead Twp. Bd. of Supervisors,* 833 A.2d 1205, 1210 (Pa.Cmwlth.2003). The ZHB, not this Court, is in the best position to determine what weight, if any, shall be afforded the evidence it receives. We decline the invitation to re-weigh the evidence here.

For the forgoing reasons, we discern no error in the ZHB's decision, and we therefore affirm.

### *ORDER*

AND NOW, this 15th day of July, 2004, the order of the Court of Common Pleas of Berks County in the above captioned matter is AFFIRMED.