**200 W. MONTGOMERY AVE. ARDMORE, LLC,**
Appellant

v.

**ZONING HEARING BOARD OF LOWER MERION TOWNSHIP and Township of Lower Merion.**

Commonwealth Court of Pennsylvania.

Argued Nov. 10, 2009.
Decided Dec. 14, 2009.

---

5. Having so decided, we need not address the remaining issues raised by NHS on appeal.

Daniel K. McCarthy, Allentown, for appellant.

Sean P. Flynn, Bridgeport, for appellee, Zoning Hearing Board of Lower Merion Township.

BEFORE: SIMPSON, Judge, and BUTLER, Judge, and QUIGLEY, Senior Judge.

OPINION BY Judge BUTLER.

200 W. Montgomery Ave. Ardmore, LLC (Applicant) appeals the February 26, 2009 order of the Court of Common Pleas of Montgomery County (trial court) affirming the decision of the Lower Merion Township Zoning Hearing Board (Board) denying Applicant's request for a special exception, or in the alternative, use and dimensional variances. There are essentially four issues before this Court: (1) whether the Board abused its discretion and/or erred when it determined that the

conversion of an automotive service bay to a single-bay car wash is a change of use and not an expansion of a pre-existing non-conforming use, (2) whether the Board abused its discretion and/or erred when it determined that Applicant failed to meet its burden of proof for a special exception, (3) whether the Board abused its discretion and/or erred when it denied Applicant's request for dimensional variances, and (4) whether the Board abused its discretion and/or erred when the Board Chairman failed to recuse himself. For reasons that follow, we affirm the trial court.

Applicant is the owner of a small corner property located at 116 West Montgomery Avenue (the property) in Lower Merion Township. The property is zoned R–7 residential; however for many years the property has been used as a gas station with six pump islands and four vehicle repair bays. The gas station has also had limited retail sales of food and beverages.

In 2007, Applicant proposed to install a car wash facility and a convenience store on the property. Applicant applied to the Board for a special exception to expand the non-conforming gas station to include those uses, and for variances to locate the improvements within the required setbacks. On May 10, 2007, the Board held a hearing at the conclusion of which Applicant was granted a continuance to address the issues raised therein.

On January 17, 2008, Applicant filed an amended application and· amended plans seeking a special exception to expand the non-conforming use and, in the alternative, a variance to change to a new non-con-

forming use. Applicant also requested variances from the prohibition on paving and parking in the front yard and from the 20 foot buffer requirement. After several hearings, the Board denied· Applicant's amended application on September 4, 2008. On October 2, 2008, Applicant appealed the decision of the Board to the trial court. The trial court affirmed the Board's decision, and on March 31, 2009, Applicant appealed to this Court.[1]

 Applicant argues that the property has long been used as a gas station and has offered retail items for sale; thus, the Board was incorrect when it restricted the property's current use to a gasoline service station. Specifically, Applicant argues the proposed car wash is neither a change in use nor an expansion of a non-conforming use; it is merely a continuation of the existing non-conforming use. In the alternative, Applicant argues, that the new use is an expansion of a pre-existing, sufficiently similar, non-conforming use, not a change in use.[2] We disagree.

 In determining whether a new use continues a non-conforming use or constitutes a change in use, the Board must consider whether the proposed use is "sufficiently similar" to the prior non-conforming use. *Arter v. Phila. Zoning Bd. of Adjustment*, 916 A.2d 1222 (Pa.Cmwlth. 2007). In the . instant case, the Board found that the proposed car wash is qualitatively different from the use as a gasoline service station with incidental retail sales for the following reasons: (1) the physical layout of the existing building would be substantially altered to accommo-

---

1. Where the parties present no additional evidence after the Board's decision, this Court's review is limited to determining whether the Board committed an abuse of discretion or an error of law. *Taliaferro v. Darby Twp. Zoning Hearing Bd.*, 873 A.2d 807 (Pa.Cmwlth.2005).

2. Applicant also argues that denying his application to expand his non-conforming use was a denial of his due process rights; however, since we found the proposal to be a change of use as opposed to an expansion, this issue is rendered moot.

date the car wash; (2) the process would be different from that employed by a gasoline station, i.e., more vehicles using self serve equipment 7 days a week, with cars lining up and idling for up to 40 minutes; and (3) the car wash would require the purchase of specialized equipment, i.e., high pressured water sprays and blow dryers, which would generate noises unlike that of the gas station in both quality and volume. Clearly, these reasons support a finding that the proposed car wash use is not sufficiently similar to the gasoline station with incidental sales.

In addition, the Board found the convenience store to be a change in use for the following reasons: (1) the current area devoted to retail sales is 150–200 square feet, the proposed convenience store would be 1669 square feet; and (2) the current retail sales make up 2% of the gas station's current revenue, whereas the proposed store would be a destination in itself producing its own revenue. These reasons support the finding that the proposed convenience store is a change in use. Thus, the Board did not err or abuse its discretion in concluding that the proposed use is a change of use.

■■■■■■ " 'Expansions of nonconforming uses are ... protected to the extent that they are *necessary* to provide for the natural expansion and accommodation of trade.' " *Harrisburg Gardens, Inc. v. Susquehanna Twp. Zoning Hearing Bd.,* 981 A.2d 405, 411 (Pa.Cmwlth.2009) (citation omitted). Specifically, "whether a use proposed as an extension or expansion of an existing nonconforming use is the same as the existing use, or is a use accessory to the existing use, the proposed use must be shown to be 'needed to provide for ... natural expansion and the accommodation of increased trade.' " *Id.* In the instant case, Applicant has not shown that a car wash and a convenience store are neces-

sary to expand a gasoline service station with limited retail sales. Given that a car wash is not necessary to a gas station, and the retail sales are currently only 2% of the revenue, adding a car wash and a convenience store are not necessary to the expansion of the current non-conforming use of the property. Thus, the Board did not err or abuse its discretion in concluding the proposed use was not an expansion of a pre-existing use.

■■■■ Next, Applicant argues it proved that its application fell within the provision which gives the right to seek a special exception, and that the special exception would not be contrary to public interest, as mandated under Section 155–114.A of the Lower Merion Township Ordinance (Ordinance). Specifically, Applicant argues that the objectors had the burden of raising specific issues concerning the proposal's general detriment to the community; however, the objectors presented no such evidence. Applicant argues in the alternative, that it satisfied the stated limitations for a special exception under Section 155–99.B of the Ordinance: specifically, the proposed expansions are limited to the lot on which the use is located; the area devoted to the nonconforming uses will actually decrease; and the expansions will conform with the building requirements, provided the variances are granted. We disagree.

Section 155–99.B of the Ordinance provides the following limitations for authorizing a non-conforming use as a special exception: (1) the expansion shall be limited to the lot on which the use is located, (2) the increase in the area devoted to the use cannot be greater than 25% of the area originally devoted to the use, and (3) the expansion must conform with the Article requirements (i.e., signs, off-street parking facilities, and general regulations), and with the height, yard, setback, buffer and

floor and building area requirements of the district. Reproduced Record (R.R.) at 396a.

Here, Applicant proposed to install paving and parking in the required front yard setback, and pave a substantial portion of the 20–foot buffer, allowing vehicle circulation in the required buffer. In fact, Applicant must obtain variances for said proposals, thereby proving that the proposal does not fall within the Ordinance requirements. Thus, the expansion does not qualify for a special exception. In addition, Applicant's witness, Robert Richardson, a licensed engineer, testified at the June 5, 2008 hearing that the car wash would violate the noise ordinance. R.R. at 279a–280a. Further, Ronald Klos, Jr., a licensed engineer, testified at the April 17, 2008 hearing, that the location of the pump islands, parking areas and access driveways would create a potential conflict to the vehicular and pedestrian traffic on the property; and the traffic service bordering the station would be affected by vehicles entering the property. R.R. at 241a–242a, 248a–249a, 254a–257a. Moreover, the objectors, residents of the area, testified to specific detriments such as traffic, air quality, and safety issues. R.R. at 363a–365a, 372a–373a, 376a–379a, 383a. Thus, there is substantial evidence to support the Board's finding that Applicant did not meet its burden of proving that its proposal met the limitations for a special exception, or that the expansion would not be detrimental to public health, safety and welfare. Accordingly, the Board did not err or abuse its discretion in denying Applicant's request for a special exception.

■ Next, Applicant avers that it requested a variance from Section 155–114.-D.1 of the Ordinance to permit an additional 84 square feet of paving in the front yard of the property, which is only .3% of the area of the property; Applicant avers that it requested a variance from Section 155–114.D.2 of the Ordinance to permit paving within the required buffer, and that this requested variance is only 1.1% of the area of the property. Applicant contends that both of these variance requests are de minimis; and, since not granting the variances would significantly impede traffic, and the violation is insignificant and protected by other means, the variances should have been granted. We disagree.

■ "A de minimis variance may be granted 'in very limited situations where the proposed *dimensional* deviations from the zoning requirement [are] relatively minor, and where the insistence in rigid compliance is not absolutely necessary to preserve the public policy to be obtained.'" *Segal v. Zoning Hearing Bd. of Buckingham Twp.*, 771 A.2d 90, 94–95 (Pa.Cmwlth. 2001). However, there is no general right to a de minimis variance in Pennsylvania, and the decision of whether to grant such a request is left to the discretion of the board. *Id.* The percentages cited by Applicant are misleading. The variances requested from the front yard setback and buffer are in addition to the space Applicant is already using in the setback and buffer; and the percentages represent the square footage of the increase in the setback and buffer with respect to the entire property, not the actual setback and buffer requirements. In the instant case, Applicant proposes to increase the already paved area in the front yard setback as well as the buffer. R.R. at 141a–144a. Specifically, Applicant proposes to provide none of the 20–foot buffer, and to have parking and vehicular circulation in the front yard setback. Where, as here, the proposed deviations are not minor, the Board does not abuse its discretion in denying the de minimis variance. Thus, the Board did not err or abuse its discretion in denying Applicant's variance requests.

 Finally, Applicant avers that during the February 7, 2008 hearing, the Board Chairman commented that this application involved the "most expensive gas station other than in Hawaii and Alaska," and at the April 17, 2008 hearing, Applicant requested that the Chairman recuse himself as that comment showed the Chairman's non-objectivity, bias and prejudice toward Applicant. Applicant contends that request should have been granted. We disagree.

 "[W]hile an appearance of non-objectivity is sufficient to trigger judicial scrutiny, the significant remedy of [recusal] often depends on something more tangible." *Christman v. Zoning Hearing Bd. of Twp. of Windsor*, 854 A.2d 629, 633 (Pa.Cmwlth.2004) (quotation marks omitted). In order to hold that a board member should have recused himself, "the record must demonstrate bias, prejudice, capricious disbelief or prejudgment." *Id.* If a board member thinks he is capable of hearing a case fairly his decision not to recuse himself will ordinarily be upheld on appeal. *Id.* Here, there is no evidence in the record that the Chairman demonstrated bias, prejudice, capricious disbelief or prejudgment. In fact, the record reveals the opposite is true. One of the Applicant's own witnesses testified that the gas station's pricing is "not actually the best." R.R. at 323a. Additionally, the Chairman gave Applicant every opportunity to address the issues raised by the Board by scheduling three additional hearings. Thus, the Board did not err or abuse its discretion in denying Applicant's motion to recuse the Chairman.

For all of the above reasons, the order of the trial court is affirmed.

### ORDER

AND NOW, this 14th day of December, 2009, the February 26, 2009 order of the Court of Common Pleas of Montgomery County is affirmed.