**Kevin McCARRY, Appellant**

v.

**HAVERFORD TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 2014.

Decided April 15, 2015.

---

David L. Rohde, Drexel Hill, for appellant.

William E. Malone, Jr., Media, for appellee.

BEFORE: DAN PELLEGRINI, President Judge, BERNARD L. McGINLEY, Judge (P) and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge ROCHELLE S. FRIEDMAN.

Kevin McCarry appeals from the January 30, 2014, order of the Court of Common Pleas of Delaware County (trial court), affirming the decision of the Haverford Township Zoning Hearing Board (ZHB) to deny McCarry's application for a dimensional variance. We affirm.[1]

McCarry is the executor of the estate of his parents, James A. McCarry, Jr. and Barbara A. McCarry. The estate includes a parcel of property (Lot 1) at 1142 Bon Air Road, located in the R–4 zoning district in Haverford Township. Lot 1 contains a house and a garage with access to Bon Air Road. McCarry owns Lot 2, an undeveloped, landlocked lot located immediately behind Lot 1. (ZHB's Findings of Fact, Nos. 1–2, 7.a.) McCarry and the ZHB agree that Lot 1 and Lot 2, which have separate folio numbers and tax bills, are separate and distinct properties. (*Id.,* No. 7.e; McCarry's Br. at 16; ZHB's Br. at 8.)

McCarry proposes to build a house on Lot 2. Because Lot 2 is landlocked, McCarry sought to subdivide a 38–foot section of Lot 1 in order to provide Lot 2 with the minimum street frontage required to build a house. However, the existing house on Lot 1 has a front setback that is 25.72 feet from the right-of-way, 4.28 feet

---

1. By order dated October 9, 2014, this court held this matter in abeyance pending mediation. (Cmwlth. Ct. Order, 10/9/14, at 1.) By order dated February 6, 2015, this court reinstated and assigned the matter for decision. (Cmwlth. Ct. Order, 2/6/15, at 1.)

shorter than the 30–foot minimum setback required by section 182–206C(5)(a) of the Zoning Ordinance of the Township of Haverford (Ordinance).[2] (ZHB's Findings of Fact, No. 7.b.–c.) Lot 1's nonconforming setback prevents McCarry from subdividing the lot because section 182–713B of the Ordinance[3] prohibits the subdivision of a lot that contains a nonconforming building. Therefore, McCarry, as executor, filed an application with the ZHB requesting a dimensional variance from section 182–713B of the Ordinance to subdivide Lot 1. (Id., Nos. 4–5.)

On November 1, 2012, the ZHB held a public hearing on the variance application.[4] Joseph Pavone, whose property on Bon Air Road borders Lot 1 and Lot 2 to the east, testified that a large, open space slopes downhill to Bon Air Road and that, consequently, the houses on that street "take on tremendous amounts of water" when it rains. (N.T., 11/1/12, at 50–51.) Pavone further testified that the impervious surface of McCarry's planned house on Lot 2 would exacerbate the rainwater runoff problem. (Id. at 51.) Paul Downey, another resident of Bon Air Road, and Stephen D'Emilio, a local ward commissioner, also testified that McCarry's proposed house on Lot 2 would exacerbate the rainwater runoff problem. (Id. at 64–65, 71.) During the hearing, the ZHB and McCarry's counsel agreed that the ZHB would perform a site visit to view the property. (Id. at 43–44.)

On December 6, 2012, the ZHB held a second hearing on McCarry's variance application. Dennis O'Neill, McCarry's contractor, testified in regards to and presented detailed plans for a rainwater runoff drainage system for the house McCarry proposes to build on Lot 2. (N.T., 12/6/12, at 10–12; McCarry's Ex. A–1.) McCarry testified that Lot 1's nonconforming setback existed when the house was built in 1925 and that the house has not been modified since his parents bought it in 1969. (N.T., 12/6/12, at 17–18.)

On January 17, 2013, the ZHB denied McCarry's variance application. The ZHB concluded that McCarry failed to meet the requirements for a dimensional variance because he did not prove the existence of an unnecessary hardship on the subject property. (ZHB's Decision at 9.) The ZHB also concluded that granting McCarry's requested variance would have the effect of contributing to the rainwater runoff problem on Bon Air Road. (Id. at 10.)

On February 14, 2013, McCarry appealed the ZHB's decision to the trial court. On December 13, 2013, the trial court heard arguments from each party without taking additional evidence. By order dated January 30, 2014, the trial court affirmed the ZHB's decision. On February 18, 2014, McCarry petitioned this court for review. On April 14, 2014, the trial court filed an opinion in support of its January 30, 2014, order.

---

**2.** Section 182–206C(5)(a) of the Ordinance provides:

C. Area and bulk regulations. The following regulations shall be observed:

* * *

(5) Front yard:
(a) Interior lot: 30 feet minimum.

**3.** Section 182–713B of the Ordinance provides: "No lot shall be formed from part of a lot already occupied by a building unless the

existing building and any proposed building comply in all respects with the area and other requirements of the district in which such building is located."

**4.** At the hearing, the ZHB also considered variance applications filed by William and Lorraine Williams for testimonial purposes. The ZHB's decision only addresses McCarry's variance application. (ZHB's Decision at 1.)

First, McCarry argues that the ZHB erred in concluding that a denial of McCarry's request for a dimensional variance would not subject McCarry to an unnecessary hardship. Specifically, McCarry argues that Lot 2's landlocked nature subjects him to an unnecessary hardship.[5] We disagree.

Pursuant to section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC),[6] 53 P.S. § 10910.2(a), an applicant seeking a variance must prove, where relevant, that: (1) there are unique physical circumstances or conditions "peculiar to the particular property" resulting in an unnecessary hardship; (2) because of the physical circumstances or conditions the property cannot be developed in strict conformity with the ordinance; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood or be contrary to the public interest; and (5) the variance sought is the minimum necessary to afford relief. An applicant seeking either a use or dimensional variance "must, *at a minimum*, demonstrate that an unnecessary hardship will result if a variance is denied and that the proposed use will not be contrary to the public interest." *Nowicki v. Zoning Hearing Board of the Borough of Monaca*, 91 A.3d 287, 292 (Pa.Cmwlth. 2014) (emphasis added).

In *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 721 A.2d 43, 47 (1998), the Pennsylvania Supreme Court held that "[w]hen seeking a dimensional variance within a permitted use, the owner is asking only for a reasonable adjustment of the zoning regulations in order to utilize the property in a manner consistent with the applicable regulations." Thus, the quantum of proof needed to establish an unnecessary hardship is lower where the applicant seeks a dimensional variance. *Id.* at 47–48. However, "[w]here *no* hardship is shown, or where the asserted hardship amounts to a landowner's desire to increase profitability or maximize development potential, the unnecessary hardship criterion ... is not satisfied even under the relaxed standard set forth in *Hertzberg*." *Society Hill Civic Association v. Philadelphia Zoning Board of Adjustment*, 42 A.3d 1178, 1187 (Pa. Cmwlth.2012) (emphasis added).

We initially note that, although McCarry argues that *he* is subjected to an unnecessary hardship by the denial of his requested variance, the appropriate inquiry is whether the denial of his variance places an unnecessary hardship on *the subject property*. *See Yeager v. Zoning Hearing Board of the City of Allentown*, 779 A.2d 595, 598 (Pa.Cmwlth.2001) (stating that a variance "is appropriate 'only where the *property*, not the person, is subject to hardship.'" (citation omitted)).

Here, McCarry sought a variance to subdivide Lot 1, which is not landlocked. Lot 1 contains a house fit for the residential purposes of the zoning district. Although Lot 2 is landlocked, McCarry and the ZHB agree that Lot 1 and Lot 2 are separate and distinct properties. McCarry's argument that Lot 2's landlocked nature creates an unnecessary hardship ignores the requirement at section 910.2(a) of the MPC that such hardship must result

---

5. Where, as here, the trial court takes no additional evidence, this court's review is limited to determining whether the ZHB committed an error of law or abused its discretion. *Segal v. Zoning Hearing Board of Buckingham Township*, 771 A.2d 90, 94 n. 6 (Pa.Cmwlth. 2001). An abuse of discretion occurs when

substantial evidence does not support the ZHB's findings of fact. *Id.*

6. Act of July 31, 1968, P.L. 805, *as amended.* Section 910.2 was added by the Act of December 21, 1988, P.L. 1329.

from a unique physical condition that is "peculiar to the particular property." "Peculiar to the particular property" refers to the property that is the subject of the requested variance. *See Domeisen v. Zoning Hearing Board of O'Hara Township*, 814 A.2d 851, 857 (Pa.Cmwlth.2003) (stating that an applicant for a variance must show that an unnecessary hardship exists and is the result of "unique physical circumstances *of the property for which the variance is sought*") (emphasis added).[7] Therefore, the ZHB properly determined that, even under the less stringent standard for dimensional variances, McCarry failed to prove that a denial of his variance would result in an unnecessary hardship to Lot 1.[8]

▪ Next, McCarry argues that the ZHB erred in failing to grant him a *de minimis* variance from the provisions of section 182–713B of the Ordinance. We disagree.

▪ Where the normal requirements for a variance have not been met, the ZHB may grant a variance under the *de minimis* variance doctrine where the requested variation is minor and rigid compliance with the zoning ordinance is unnecessary to protect public policy interests. *Hawk v. City of Pittsburgh Zoning Board of Adjustment*, 38 A.3d 1061, 1066 (Pa.Cmwlth.2012). The grant of such a variance is based on the circumstances of each case. *Id.* Moreover, "there is no general right to a de minimis variance in Pennsylvania, and the decision of whether

to grant such a request is left to the discretion of the [ZHB]." *200 West Montgomery Ave. Ardmore, LLC v. Zoning Hearing Board of Lower Merion Township*, 985 A.2d 996, 1001 (Pa.Cmwlth.2009).

Here, Lot 1's nonconforming setback deviates 4.28 feet, or 14.27 percent, from the minimum setback required by section 182–206(c)(5)(a) of the Ordinance. Although no specific degree of deviation categorizes a variance as minor or non-minor, in *Leonard v. Zoning Hearing Board of the City of Bethlehem*, 136 Pa.Cmwlth. 182, 583 A.2d 11, 13 (1990), we held that the ZHB did not err in denying a *de minimis* variance where the requested variance represented a deviation of between six and seven percent. Although McCarry argues that this nonconformity is pre-existing and would not be exacerbated by his proposed subdivision of Lot 1, the ZHB has discretion to grant or deny this narrow exception to the normal variance requirements. Therefore, the ZHB properly denied McCarry's request for a *de minimis* variance.

Accordingly, we affirm.

## ORDER

AND NOW, this 15th day of April, 2015, we hereby affirm the January 30, 2014, order of the Court of Common Pleas of Delaware County.

---

**7.** This court has held that "a property which is completely landlocked, with no public street frontage, exhibits a physical feature which can establish unnecessary hardship." *Malakoff v. Board of Adjustment of the City of Pittsburgh*, 72 Pa.Cmwlth. 109, 456 A.2d 1110, 1113 (1983). However, in cases where we have held that a property's landlocked nature creates an unnecessary hardship, the landlocked property was the subject of the requested variance. *See Neilson v. Zoning*

*Hearing Board of the Municipality of Mt. Lebanon*, 786 A.2d 1049, 1053 (Pa.Cmwlth.2001); *Appeal of Gregor*, 156 Pa.Cmwlth. 418, 627 A.2d 308, 309, 312 (1993).

**8.** Because McCarry failed to prove an unnecessary hardship, we need not address the remaining elements of section 910.2(a) of the MPC.